UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERMAN ANDERSON MORTON, III AND ASHLYN AIKEN MORTON, <br><br> Plaintiffs, <br><br> v. <br><br> LIEN FILERS, ETC. OF HEATH W. WILLIAMS, L.L.C. AND HEATH W. WILLIAMS, L.L.C., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: |

## Complaint for Damages

Sherman Anderson Morton, III and Ashlyn Aiken Morton ("Plaintiffs") file this Complaint for Damages against the Defendants Lien Filers, Etc. of Heath W. Williams, L.L.C. and Heath W. Williams, L.L.C. ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").

### Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4. Venue is proper in this Court because the Defendants maintain a registered agent within this Court's jurisdiction.

## Parties

5. Plaintiffs are husband and wife and reside in DeKalb County, Georgia, and are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Defendant Lien Filers, Etc. of Heath W. Williams, L.L.C. is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Heath W. Williams, L.L.C. is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendants are inter-related companies working together for the common purpose of debt collection.

9. Summons and Complaint may be served on both Defendants by service on their registered agent for service of process in Georgia, Jennifer Williams, 2056 McLendon Avenue, Atlanta, Georgia 30307, USA, or wherever they may be found.

10. Defendants utilize means of interstate commerce in their attempts to collect debt from Plaintiffs and other consumers.

11. Defendants' principle purpose is the collection of debts.

## Statutory Scheme

## The Fair Debt Collection Practices Act

12. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

13. Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2]

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html
[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

## Facts

14. On or about July 2, 2019, a company called Tigeski, LLC d/b/a Emergency Water Removal began water mitigation services on Plaintiffs' dwelling. In the course of doing this mitigation, Tigeski, LLC caused asbestos to be blown throughout the dwelling and caused damage to Plaintiffs' property. Tigeski, LLC required the Plaintiffs to vacate their property and informed them, because the asbestos contamination was the result of their negligence, they would compensate Plaintiffs for any damage and any lodging fees.

15. Subsequently, Tigeski, LLC refused to honor this agreement and sent Plaintiffs an invoice for the water mitigation services.

16. The invoice for water mitigation services created the debt ("the debt) at issue in this case.

17. The debt was solely for household purposes.

18. Plaintiffs contested the debt because they were not given credit as agreed for Tigeski, LLC's negligence and damage to their property.

19. The debt went into default.

20. Tigeski, LLC filed a materialman's lien against Plaintiffs and their property because the debt was in default.

21. Tigeski, LLC then hired the Defendants to collect the debt.

22. On November 12, 2019, Defendants filed a statement of claim against Plaintiffs in the Magistrate Court of DeKalb County.

23. Plaintiffs received the statement of claim filed by Defendants.

24. Plaintiffs retained Ronald Edward Daniels to represent them because of the issues mentioned hereinabove with Tigeski, LLC.

25. Mr. Daniels sent a letter to Defendants offering to resolve the case on certain terms.

26. Defendants apparently forwarded this letter directly to their client, Tigeski, LLC, who contacted Mr. Daniels directly attempting to accept the offer.

27. After a second email requesting Mr. Daniels confirm the email was received, Mr. Daniels confirmed receipt of the email. He subsequently informed Tigeski, LLC to send their lawyer's email address to him so he could discuss the matter with Tigeski, LLC's lawyer.

28. On December 29, 2019, Defendants contacted Mr. Daniels and, by extension, Plaintiffs.

29. This communication did not disclose Defendants were debt collectors.

30. This communication did not disclose it was an attempt to collect a debt by Defendants.

31. None of the emails sent by Defendants over the course of the following days complied with 15 U.S.C. §§ 1692e(11) or 1692g.

32. Apparently upset their client had decided to reach out to Plaintiffs' counsel, Defendants sent an email informing Mr. Daniels to "go f**k" himself on December 30, 2019.

33. Then on December 30, 2019, Defendants sent another email advising their client would resolve the matter for $2,450.00 indicating they had incurred $375.00 in attorney's fees since the filing of the statement of claim.

34. Subsequently, Plaintiffs moved to open default in DeKalb Magistrate Court and filed a Motion to Enforce and, in the alternative, a Motion to Transfer for their counterclaims to be heard.

35. Defendants then informed Plaintiffs their client wanted to return to the original offer made by Plaintiffs.

36. Plaintiffs incurred attorney's fees and expenses as a result of Defendants' actions.

37. Plaintiffs incurred actual damages including court costs because of Defendants' actions.

38. Plaintiffs lost time communicating with Mr. Daniels as a result of Defendants' action.

39. Plaintiffs experienced stress, anger, and frustration because of Defendants' actions.

## Causes of Action

## Count I – Violations of the Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692 et seq.

40.     Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

41.     The debt at issue is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

42.     Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

43.     Defendants work in tandem to prepare and/or file liens and then file suit on the same in an effort to collect consumer debts.

44.     The statement of claim and ensuing emails sent by Defendants are each a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

45.     Defendants violated 15 U.S.C. § 1692e by seeking to collect amounts Defendants were not authorized to collect in violation of § 1692e(2)(A) in one (or more) of the December 30, 2019 emails.

46.     Defendants violated 15 U.S.C. § 1692f by seeking to collect amounts Defendants were not authorized to collect in violation of § 1692f(1) in one of the December 30, 2019 emails.

47. Defendants violated 15 U.S.C. § 1692e not disclosing in the initial communication with Plaintiffs the communication was from a debt collector and was an attempt to collect a debt in violation of § 1692e(11).

48. Defendants violated 15 U.S.C. § 1692g by not providing the notices required by § 1692g in any communication with Plaintiffs.

49. Defendants violated 15 U.S.C. § 1692d by telling Plaintiffs' counsel to "go f**k" himself in an email sent on December 30, 2019.

50. As result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## **Demand for a Jury Trial**

51. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiffs pray that this Court:

a) Find that Defendants' behavior violates the FDCPA;

b) Enter judgment in favor of Plaintiffs and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by § 1692k(a) of the FDCPA;

c) Enter judgment in favor of Plaintiffs and against Defendants for interest in accordance with § 51-12-14(a) of the Unliquidated Damages Interest Act;

d) Enter judgment in favor of Plaintiffs in an amount to offset any tax liability incurred by Plaintiffs as a result of acting as a private attorney general and enforcing the FDCPA; and,

e) Grant such other and further relief as the Court may deem just, necessary or appropriate.

**DATED:** 2 August 2020

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.   404.348.4462
Fax.  404.549.6765

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF GEORGIA              )

                              ) ss

COUNTY OF DeKALB              )

Pursuant to 28 U.S.C. § 1746, Plaintiff Sherman A. Morton, III, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ _____, _____
                    Month             Day            Year

*Sherman A Morton III*
Sherman A Morton III (Jul 31, 2020 13:29 EDT)
_____
Signature

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA            )

                                                    ) ss

COUNTY OF DeKALB            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Ashlyn A. Morton, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____ _____, _____
                              Month              Day           Year

_Ashlyn Morton (Jul 30, 2020 07:26 EDT)_
Signature

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 5.1(D), NDGa., I certify that this filing is prepared with one of the font and point selections approved by the Court in LR 5.1(C), NDGa. (formerly LR 5.1(B), NDGa.).

**DATED:**    2 August 2020

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.    404.549.6765
